UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
Austin Division

DANIEL GONZALES, JR.,

    Plaintiff,

v.                              CASE NO.:  1:21-CV-53

FIRST ADVANTAGE
BACKGROUND SERVICES CORP.,

    Defendant.

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, DANIEL GONZALES, JR., by and through the undersigned Counsel, and for his Complaint against the Defendant, FIRST ADVANTAGE BACKGROUND SERVICES CORP., in support thereof respectfully alleges the following violations of the Fair Credit Reporting act, 15 U.S.C. §§ 1681a–x ("FCRA"):

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the FCRA.

2. Enacted in 1970, the FCRA grants to consumers strong rights regarding information that companies like Defendant trade about them. Specifically, Congress has emphasized that "the consumer has a *right* . . . to correct any erroneous information in his credit file." S. Rep. No. 517, 91st Cong., 1st Sess. 2 at 2 (emphasis added). Through the FCRA, Congress codified such right, establishing "the *right of a consumer* to be informed of investigations into his personal life." *Id.* at 1 (emphasis added).

3. The FCRA demands that for consumer reporting agencies ("CRAs") to issue consumer reports are charged with using reasonable procedures to ensure the maximum possible accuracy of the information they report 15 U.S.C. § 1681e(b).

4. Should a consumer discover inaccurate information in a report and disputes that information with the CRA, the FCRA demands that the CRA conduct a reasonable investigation of the disputed information. 15 U.S.C. § 1681i.

5. The Plaintiff in this case lost a housing opportunity because Defendant supplied the prospective landlord with a consumer report stating Plaintiff had been evicted from an Austin apartment complex when he had not. Plaintiff has never been evicted.

6. After the landlord told Plaintiff it would not rent to him because of information First Advantage reported about him, Plaintiff contacted First Advantage and disputed the records. Rather than investigate itself, First Advantage demanded that Plaintiff provide a litany of information showing he was not evicted from the property First Advantage reported he had been evicted.

7. Plaintiff provided everything First Advantage demanded, and First Advantage would not accept the information because it did not meet standards First Advantage seemed to be inventing as the dispute wore on.

8. Ultimately, after much additional effort by Plaintiff and little by First Advantage, First Advantage agreed to correct Plaintiff's report. By that time, of course, it was too late for him to rent the property that rejected him.

9. Plaintiff brings claims against First Advantage for its violations of Section 1681e(b) of the FCRA. First Advantage provided inaccurate information about Plaintiff, attributing to him eviction records that were not his.

10. Had First Advantage used reasonable procedures designed to assure the maximum possible accuracy of the information it was reporting about Plaintiff, it would have discovered its mistake and provided the landlord a clean report about Plaintiff.

11. Plaintiff brings a separate claim against First Advantage for its failure to properly investigate Plaintiff's dispute. Section 1681i provides no means by which First Advantage may place the onus on the consumer to show that the information First Advantage has reported was inaccurate. Yet that is just what First Advantage did—shifting all of the burden of its FCRA investigation requirement to Plaintiff, and then requiring more information after Plaintiff complied with those unreasonable demands.

12. As a result of the incorrect information reported by Defendant, Plaintiff suffered actual damages, and is entitled to recover those damages as a well as punitive damages, attorneys' fees, and costs as permitted by the FCRA. 15 U.S.C. § 1681n, o.

## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331. The Court has also jurisdiction under the FCRA, 15 U.S.C. §§ 1681n and 1681p.

14. Venue is proper in the United States District Court, Western District of Texas, pursuant to 28 U.S.C. § 1391. Plaintiff resides in this District and Division, applied for housing in this District and Division, and Defendant provided to the prospective landlord a background check that was used for a housing decision in this District and Division. Plaintiff's claims therefore arose, in substantial part, in this District and Division.

15. Defendant regularly conducts business in this District and is subject to personal jurisdiction in this District.

## PARTIES

16. The Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c).

17. Defendant is a corporation authorized to do business in the State of Texas through its registered agent.

18. Defendant is a "consumer reporting agency" as defined in 15 U.S.C. § 1681(f). Defendant regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

19. Defendant disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

20. On or about September 24, 2020, Plaintiff applied to rent an apartment with Patten East, wherein Roscoe Properties, GP, LLC submitted a request for background information regarding the Plaintiff to First Advantage.

21. Thereafter prospective landlord notified Plaintiff that his application had been declined based on information provided by First Advantage that an eviction proceeding had been filed against him by PMI Austin in November 2019.

22. The information reported about Plaintiff was false, as he has never been evicted nor had eviction proceedings brought against him.

23. Plaintiff thereafter contacted First Advantage to dispute the inaccurate information it reported about him.

24. Rather than conduct an investigation on its own, as the FCRA requires, First Advantage passed the burden of investigation to the Plaintiff, demanding that he provide information showing he had not been the subject of an eviction brought by PMI Austin.

25. On September 25, 2020, Jay Otto, the owner of the property that was the subject of the eviction proceedings, emailed a letter to fadvcustomercare@fadv.com to advise that the Plaintiff, "Daniel Gonzales, Jr." was the son of "Daniel Gonzales, Sr." and that the Plaintiff had not been the subject of the eviction. Mr. Otto further advised that First Advantage had confused "Jr." with "Sr". Mr. Otto also confirmed that no eviction occurred at all, as to either Gonzales.

26. Mr. Otto also offered his telephone number should First Advantage seek additional information. Discovery will show First Advantage never called Mr. Otto.

27. On September 27, 2020, Plaintiff was notified by First Advantage that the information had been sent to its verifications department and would be processed accordingly.

28. On October 1, 2020, Resident Support at First Advantage forwarded an email to Plaintiff to advise that the documentation provided was not sufficient to clear its unknown eviction criteria.

29. On October 1, 2020 at 12:33 p.m., Dan Kennedy, Owner and President of PMI Austin forwarded an email to fadvcustomercare@fadv.com with an attached letter to confirm that Daniel Gonzales, Jr. was never a tenant of PMI Austin nor one of its affiliates. In addition, Mr. Kennedy advised that Daniel Gonzales, Jr. was not evicted from any of its properties.

30. On October 1, 2020 at 1:40 p.m. advised Mr. Kennedy that it had received the documentation which would be reviewed to determine acceptability and then validated for authenticity.

31. On October 7, 2020, resident.support@fadv.com advised that the documentation provided the indecipherable:

> "[D]oesn't meet Specific requirements to clear EVICTION – as it did not have Plaintiff's address missing, To Clear Eviction – Applicant must provide letter showing EVICTION CASE 'JACV19003870' was 'EXPUNGED, VACATED or SET ASIDE' or a letter from Plaintiff 'PMI AUSTIN' on letterhead with Plaintiff's signature with Applicant Name, Date, address, Contact Number stating that APPLICANT was not EVICTED-NO REVISION".

32. On October 13, 2020, Mr. Kennedy advised again through email that Daniel Gonzalez, Jr. was not evicted from 3005 Matador Dr., Austin, TX 78741. This letter was on PMI letterhead, and included contact information for Mr. Kennedy.

33. Discovery will show First Advantage never contacted Mr. Kennedy.

34. Later in the day on October 13, 2020, First Advantage imposed yet another set of requirements to clear the eviction from the Plaintiff's report:

> "Eviction paper work – Must be a letter from the plaintiff or documents from the Court where the eviction was filed. Letters from plaintiff must be on professional letterhead with the applicant name and at least one other identifier. It must state the applicant was not evicted or that the filing was dismissed in error. Must be signed and include a verifiable business contact. Court documents must match applicant name, case number, and eviction date and must state Dismissed, Vacated, or Set Aside and must be an order with the Judges signature."

35. Out of shear exhaustion Mr. Kennedy responded on October 13, 2020, that First Advantage was being difficult and his previous emails stated, on a letterhead from his property management company, that Daniel Gonzales, Jr. was not a tenant and he was not evicted from one of their properties. Now First Advantage demanded court documents, that will take months because the Court was not in session now.

36. On October 13, 2020 at 7:28 p.m., First Advantage responded to Mr. Kennedy that he needed to read the previous email carefully and that it did not say that it needed only a court document, but this was another option from him to get. Again First Advantage stated:

> "[I]f the Letters from the plaintiff must be on professional letterhead with the applicant name and at least one other identifier. It must state the applicant was not evicted or that the filing was dismissed or in error. Must be signed and include a verifiable business contact".

37. On November 2, 2020, Allison Binder, Career Case Manager with Youth Services, Workforce Management, emailed First Advantage on behalf of Mr. Gonzales to try and help him. She made revisions to Mr. Kennedy's previous letter and requested acknowledgement that these changes would satisfy First Advantage and lead to the correction of Plaintiff's rental history.

38. At no time for over a month of information being provided to it, and four individuals confirming the mistake, did First Advantage recognize it had in fact made an error in the information it reported about the Plaintiff.

39. First Advantage did nothing to investigate its inaccurate information—it required the Plaintiff to obtain information and do all of the work, which proved to be a waste of time, because First Advantage did not consider anything it had been provided.

40. Because of Defendant's error, Plaintiff's stress level has increased dramatically because he faces the possibility of again being branded as having been evicted every time he applies to rent a property.

41. In fact, First Advantage's error caused Plaintiff to have to sign, against his will, a new lease at his current apartment because he was unable to rent the property to whom First Advantage provided the inaccurate report.

42.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein

43.     Further, all of First Advantage's actions were taken exactly as First Advantage planned and trained its employees and agents to conduct themselves. Nothing that occurred as to Plaintiff was by accident, but rather was as First Advantage expected.

44.     First Advantage's investigation process violated the FCRA in several respects, not the least of which that First Advantage did nothing to verify the information Plaintiff, Mr. Otto, and Mr. Kennedy provided that directly conflicted with First Advantage's information.

45.     The FCRA demands that First Advantage investigate disputes. The Act does not permit First Advantage to abdicate that duty and pass it on to the consumer.

46.     Additionally, First Advantage violated the FCRA by failing to delete information it could not verify. Plaintiff put First Advantage on clear notice that it was reporting inaccurate information about him, yet First Advantage turned that mistake into Plaintiff's problem and made no changes despite taking no steps to verify the information it was reporting.

**COUNT ONE: VIOLATION OF 15 U.S.C. § 1681e(b)**

47.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

48.     Defendant created a consumer report about Plaintiff for rental purposes, but the report inaccurately stated that Plaintiff had previously been evicted.

49.     Plaintiff has never been evicted, nor has he ever been the subject of eviction proceedings.

50.     Plaintiff has also never lived at the property to which the reported eviction is tied.

51.     Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding Plaintiff.

52.     Had Defendant used a process that checks eviction records with address history, it would have learned that Plaintiff has never lived at the property that is the subject of the eviction. Failing to match such information before reporting an eviction is unreasonable.

53.     As a result of Defendant's violation of 15 U.S.C. § 1681e(b), the Plaintiff suffered actual damages, including without limitation and by example only the loss of housing, embarrassment, humiliation, stress, and other emotional and mental distress, as well as time and money spent trying to correct and overcome these problems.

54.     Defendant's conduct, actions and inaction was negligent, entitling Plaintiff to his actual damages under 15 U.S.C. § 1681o. Defendant's conduct, actions and inaction were also willful, rendering the Defendant liable for statutory and punitive damages, as well as attorneys' fees and costs, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## COUNT TWO – VIOLATION OF 15 U.S.C. § 1681i

55.     The Plaintiff re-alleges and incorporates each of the above paragraphs as if fully set out herein.

56.     First Advantage violated 15 U.S.C. § 1681i in multiple ways, including, by example only and without limitation: by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's consumer file.

57. Further, First Advantage violated Section 1681i by conducting *no investigation at all*. Section 1681i demands that when Plaintiff notified First Advantage of his dispute, that party—the consumer reporting agency who received the disputes—must investigate those disputes. The statute does not contemplate someone other than First Advantage conducting the investigation, yet that is what occurred because First Advantage forced Plaintiff to take all actions regarding the investigation.

58. As a result of Defendants' violations of 15 U.S.C. § 1681i, the Plaintiff is entitled to recover his actual damages pursuant to 15 U.S.C. § 1681n and/or § 1681o, or in the alternative his statutory damages of $1,000 pursuant to 15 U.S.C. § 1681n.

59. Defendant's conduct, action, and inaction were also willful, rendering Defendant liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

60. The Plaintiff is entitled to recover costs and attorneys' fees from FADV in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and actual, statutory, and punitive damages against Defendant, for his attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief, including equitable relief, the Court does deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,

**Plaintiff Daniel Gonzales,**

  /s/ J. Patrick Cohoon
J. PATRICK COHOON
Texas Bar No. 24034381
Fed ID: 32152
Leger Ketchum & Cohoon, PLLC
179 S. Main Street, Suite 102
Boerne, TX 78006
Tel: (210) 504-4401
Fax: (210) 504-4401
pcohoon@lkclawfirm.com

*Of Counsel*
Craig C. Marchiando, SBT No. 24046347
(application for District admission forthcoming)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
(757) 930-3660
(757) 930-3662 fax
craig@clalegal.com

***Attorneys for Plaintiff***